UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Charles Lamb, #186788 | ) | C/A No. 8:09-1853-CMC-BHH |
|---|---|---|
| *a.k.a Charles Willis Lamb*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| | ) | |
| White House Staff, | ) | |
| President Staff, White House Administration; | ) | |
| | ) | |
| Defendant. | ) | |

Charles Lamb (Plaintiff), proceeding *pro se*, brings this civil action alleging that the Defendant has refused to have Plaintiff's broken hand placed in a cast.[*] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[*] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff has filed fourteen cases, since August of 2008, containing factual allegations about Plaintiff's un-casted broken hand.** This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'"). Although it is less than clear from the factual allegations in the complaint, it appears the instant action may be Plaintiff's fifteenth attempt to bring a claim about this same injury.

Service of process was authorized in Plaintiff's first case regarding his allegedly un-casted broken hand. *See Lamb v. Department of Corrections, et al.,* Civil Action No. 8:08-2805-CMC-BHH (D.S.C.). However, the case was ultimately dismissed for Plaintiff's failure to prosecute. Plaintiff's subsequent cases regarding his broken hand have been recommended for summary dismissal for Plaintiff's failure to state a claim upon which relief may be granted.

---

** *See* Civil Action No.'s : 8:09-1806-CMC-BHH; 8:09-1656-CMC-BHH; 8:09-1655-CMC-BHH; 8:09-1231-CMC-BHH; 8:09-964-CMC-BHH; 8:09-726-CMC-BHH; 8:09-478-CMC-BHH; 8:09-477-CMC-BHH; 8:09-322-CMC-BHH; 8:09-105-CMC-BHH; 8:08-3732-CMC-BHH; 8:08-3685-CMC-BHH; 8:08-3558-CMC-BHH; 8:08-2805-CMC-BHH.

In the present case, Plaintiff sues the White House Staff for failing to put a cast on Plaintiff's injured hand. Plaintiff states, "I would like to sue the White house administration president for them refusing to pay to provide me with the service for the Government Agency under the White house administration president Jurisdiction refuse to sent me to Doctor Care to have a cast put on me."  The "relief" section of Plaintiff's complaint is blank and Plaintiff does not indicate the type of relief he seeks elsewhere in the pleading.

## Discussion

Plaintiff claims that the Defendant has refused to provide a cast for Plaintiff's injury. Thus, it appears Plaintiff may be claiming deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[***] A civil action under § 1983/*Bivens* allows "a party who has been deprived of a federal right under the color of state [or federal] law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

---

[***] Plaintiff is bringing suit against federal employees.  As such,  his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits."  *Carlson v. Green*, 446 U.S. 14,18 (1980).  *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982).

that the alleged violation was committed by a person acting under the color of state [or federal] law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, it is well settled that only "persons" may act under color of state or federal law, therefore, a defendant in a section 1983 action must qualify as a "person."  Use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).  Because White House Staff is not a "person" amenable to suit under § 1983, this complaint is subject to summary dismissal.

Further, to the extent Plaintiff may be attempting to name the President of the United States in the instant action, he cannot do so.  The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted). *See also Hafer v. Melo*, 502 U.S. 21, 29 (1991).

5

Additionally, Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). Although *pro se* complaints are liberally construed, Federal courts, performing their duties of construing *pro se* pleadings, are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Plaintiff has failed to name a defendant amenable to suit under § 1983/*Bivens*, and has failed to request any type of relief, the complaint filed in this case is subject to summary dismissal for failure to state a claim upon which relief may be granted.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

            s/Bruce Howe Hendricks
            United States Magistrate Judge

July 22, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).